(137 So. 536)

## GHOLSTON MOTOR CO. v. NORMAN.
### 4 Div. 791.

Court of Appeals of Alabama.
Oct. 6, 1931.

Rehearing Denied Nov. 3, 1931.

Cope & Cope, of Union Springs, for appellant.

T. S. Frazer, of Union Springs, for appellee.

RICE, J.

Appeal by defendant in the court below from a judgment against it in favor of the plaintiff (appellee) for the amount of $118.42.

We quote, as a basis for our decision, the following excerpts from the learned trial judge's oral charge to the jury trying the case, to wit: "Gentlemen, the plaintiff in this case insists that she is entitled to recover a certain sum by way of judgment against the Gholston Motor Company, for their failure to comply with an agreement which had to do with the sale and exchange of an automobile. Now * * * the burden * * * is upon her to reasonably satisfy the jury from all the evidence that her contention is true. * * * It so happens in this case that the parties to the controversy are the only witnesses in the case. * * * The defendant insists that the contract was not of that kind and character which the plaintiff undertakes to assert it was. * * * If the trade was completed, as the plaintiff undertakes to say in her testimony that it was, then that trade spoke the agreement of the two parties and became finally the memorial of what they did do; if their minds met, in the way which she says they did, and she has successfully established that fact by a reasonable preponderance of the testimony, why, she is entitled to a recovery; if on the other hand, she has not successfully carried the burden at that point, she cannot recover. That's the issue. * * * So, after all, it is a matter of fact."

And otherwise, and in greater detail, the court in its said charge "boiled down" and made explicit the issue in the case, in a way fair to both parties, and satisfactory to their attorneys.

There were no demurrers to the complaint; no requested written charges; in fact, no questions involved in the trial, of moment, save the single one, or collective one, dealt with by the trial court in its instructions to the jury.

If the letter offered in evidence by appellee, and admitted over appellant's objection, be said to have been improperly admitted, still, after an examination of the entire cause, we are of the opinion that the error complained of has not probably injuriously affected substantial rights of the appellant. So we would not order a reversal of the judgment because of its admission. Supreme Court rule 45.

In none of the rulings presented to us for review do we find error of a reversible nature.

Hence the judgment appealed from is affirmed.

Affirmed.